**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE CANADA LIFE ASSURANCE COMPANY, a Canadian corporation, CANADA LIFE INSURANCE COMPANY OF NEW YORK, a New York, corporation and MINNESOTA LIFE INSURANCE COMPANY, a Minnesota corporation,<br><br>         Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., a national bank, B IV CAPITAL PARTNERS, L.P., a Delaware limited partnership, SUNRISE PARTNERS LIMITED PARTNERSHIP, a Delaware limited partnership, and DK ACQUISITION PARTNERS, a New York limited partnership,<br><br>         Defendants. | No. 06C0214 |

**DECLARATION OF THOMAS E. PATTERSON IN SUPPORT OF PLAINTIFFS'**
**REPLY TO MEMORANDUM OF DEFENDANTS B IV CAPITAL PARTNERS, L.P.;**
**SUNRISE PARTNERS LIMITED PARTNERSHIP; AND DK ACQUISITION**
**PARTNERS IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER**
**ABSTAINING FROM,**
**OR IN THE ALTERNATIVE, REMANDING, AN ADVERSARY PROCEEDING**

     I, Thomas E. Patterson, hereby declare as follows:

     1.    I have been admitted to practice law in the State of California and the United States District Courts therein since 1987. I am a partner in the law firm of Klee, Tuchin, Bogdanoff & Stern LLP in Los Angeles, California. I have practiced in the area of bankruptcy and business reorganizations since being admitted in 1987. I am one of the lawyers at my firm responsible for the representation of The Canada Life Assurance Company, Canada Life Insurance Company of New York, and Minnesota Life Insurance Company, the plaintiffs herein (collectively, the "Plaintiffs"). My responsibility is principally to assist in the representation of the Plaintiffs in connection with the bankruptcy case of Telogy, Inc. ("Telogy"), a company in a pending chapter 11 case in the United States Bankruptcy Court for the Northern District of

82976.4

California. I am intimately familiar with the specifics of Telogy's chapter 11 case, and was involved in negotiations that occurred prior to its filing.

2. Based on my experience, I am very familiar with both the rules and customs prevailing in California's bankruptcy courts, including the United States Bankruptcy Court for the Northern District of California before which I have frequently appeared.

3. For the reasons set forth in paragraphs 1 and 2, I have personal knowledge of all facts set forth below and, if called and sworn as a witness, could and would competently testify to those facts.

4. I offer this Declaration in support of the reply to the opposition of certain of the defendants (the "Lender Defendants") to the Plaintiffs' motion ("Motion") for an order abstaining from, or remanding an action to the Chancery Court[1] in which it was filed. In particular, I offer this Declaration for the purpose of explaining the procedural posture of the Telogy bankruptcy case, and to refute certain incomplete and misleading statements made within the opposition.

5. The complaint initiating the State Court Action was filed on November 14, 2005. The Defendants in the State Court Action are Bank of America, N.A., as collateral agent ("Bank of America"), B IV Capital Partners, L.P. ("B IV"), Sunrise Partners Limited Partnership ("Sunrise"), and DK Acquisition Partners ("DK"). No bankruptcy case for Telogy was pending at the time the complaint was filed. As the Lender Defendants say in the declaration that they prepared for a representative of Telogy, which they filed with the opposition, negotiations over a possible plan of reorganization for Telogy had been proceeding for many months, and at the time the State Court Action was filed, it was unclear how much longer they might continue. In my experience, I have frequently seen reorganizations that were implemented out of court and allegedly imminent bankruptcies delayed for very extended periods. Whether, where and when a bankruptcy might be filed was not then nor ever in the Plaintiffs' control. Accordingly, the Plaintiffs filed the complaint initiating this action for the purpose of resolving a dispute that had been ongoing for many months.

6. Prior to the Telogy bankruptcy case, there were circulated a series of term sheets proposing alternate plans of reorganization. I am familiar with certain of them and participated in discussions that occurred relating to them.

---

[1] Otherwise undefined capitalized terms have the meaning ascribed to them in the Plaintiffs' Motion.

82976.4                                                    2

7.      Contrary to the Lender Defendants' description of the Telogy bankruptcy case as involving a pre-arranged plan of reorganization, no plan of reorganization was filed concurrent with the Telogy chapter 11 petition.  Indeed, no plan was filed for six weeks, i.e., after the Motion was filed.  The plan that was filed differed materially from the proposed plan term sheets that were circulated prior to Telogy's bankruptcy.

8.      Although a plan of reorganization has now been filed, it is in no sense capable of being confirmed any time soon.  In order for a plan of reorganization to be confirmed, the following procedural steps must be accomplished.

      a.  First, a proposed disclosure statement must be filed (per Bankruptcy Code § 1125).  The disclosure statement is the document that is used to solicit votes on a proposed plan of reorganization.  Here, Telogy has not even filed its proposed disclosure statement, and no hearing to consider a proposed disclosure statement has been scheduled.[2]

      b.  Second, the disclosure statement must be scheduled for an approval hearing before the bankruptcy court.  The Local Bankruptcy Rules for the Northern District of California require that the approval of a disclosure statement be heard on not less than 32 days notice (Local Bankruptcy Rule 3017-1(a)).  A hearing is usually set for between 45 and 60 days following the filing of a proposed disclosure statement.

      c.  Third, the disclosure statement must be approved.  In my experience, it is very unusual for a proposed disclosure statement to be approved at the first hearing.  Bankruptcy judges, as well as other parties in interest, carefully review them and inevitably have suggested additions or amendments to the proposed disclosure statement.  It therefore usually takes another two to four weeks following the hearing before a disclosure statement is approved.  It can take several times that if the disclosure statement requires substantial revisions or the Court's calendar does not accommodate subsequent hearings on limited notice.

---

[2]      In fact, the Bankruptcy Rules require that a plan be filed together with a proposed disclosure statement.  Fed. R. Bankr. P. 3016(b).  In this case, Telogy sought and obtained an order permitting Telogy to file a proposed plan without concurrently filing a proposed disclosure statement.  (A true and correct copy of that order is attached hereto as Exhibit 1.)

82976.4                         3

     d. Fourth, a hearing on plan confirmation must take place. Following the approval of the disclosure statement, the Bankruptcy Rules require not less than 25 days to object to a plan of reorganization. Fed R. Bankr. P. 2002(b). It usually takes several days to have the approved disclosure statement printed and mailed to all the parties in interest. Moreover, most plan proponents schedule confirmation so that they have adequate time in which to file a response to any objections. Hence, the first hearing on confirmation is ordinarily scheduled about 45 days after the approval of the disclosure statement.

     e. In most cases, the first hearing on confirmation is a status conference only, and the confirmation hearing is continued if there are factual disputes that require testimony. It is hard to predict when a continued hearing may take place. It has been my experience that it can be anywhere from a couple of weeks to a couple of months, depending on the need for discovery or the court's calendar.

     9.    For all these reasons, the confirmation of the Telogy plan would take over three months from the date that a disclosure statement is filed, and more likely in the range of five to six months. Here, Telogy has not yet filed its proposed disclosure statement, so predicting when plan confirmation might occur, if ever, is problematic. It is sufficient to note that it is far from imminent.

     10.    I also wish to respond to the statement that the plan is supported by "a majority of the secured creditors." Opp., Exh. A (Schiavo Decl.), ¶ 5. The Lender Defendants in this case have yet to file their proofs of claim evidencing their debt. Nevertheless, the Lender Defendants have admitted in their Answer (¶ 13) that they own at least a majority of the debt of Telogy represented by the Credit Agreement. Accordingly, the statement that the plan has the support of a majority of the secured creditors may mean no more than that the Lender Defendants support it. Alternatively, it may mean that someone has been soliciting support for Telogy's plan in violation of Bankruptcy Code § 1125(b), which forbids such activity in the absence of an approved disclosure statement.

     11.    The filed plan effectively transfers control of Telogy to the Lender Defendants. Section 7.9 of the plan proposes that four of the five members of the board of directors following confirmation will be selected by the "Ad Hoc Committee." The Ad Hoc Committee consists of three members, who are the three Lender Defendants in this action. Attached hereto as Exhibit 2

is a true and correct copy of the face page and Section 7.9 of the filed plan, as well as the definition of Ad Hoc Committee.[3]

12.    I have been involved in the preparation of a motion for summary judgment in the State Court Action. It would have been filed by now but for the Lender Defendants' removal of the State Court Action to this Court. The motion for summary judgment can and will be filed within days following a ruling on the instant motion.

13.    Finally, I wish to address the disingenuous contention that Telogy's plan provides an alternate methodology for determining the dispute that is at the heart of the State Court Action. Taking Telogy's recently filed proposed plan of reorganization at face value, it **does not** provide a means of litigating the disputes that are at the heart of this action. To the contrary, the plan requires that every creditor, including Plaintiffs, return all payments of principal or interest received after July 2, 2004 as a condition to receiving distributions under the plan, and provides for a reallocation of plan consideration that is designed to recover all payments made to secured creditors after July 2, 2004 and to redistribute them to other creditors. Attached hereto as Exhibit 3 is a true and correct copy of the face page and section 7.4 of the proposed plan as filed by Telogy.

14.    The plan does not otherwise contain any mechanism for litigating the dispute and having it decided by the bankruptcy court. If, as the Lender Defendants contend, they control over half of the secured debt, they undoubtedly will try to use their voting power to have the plan approved without ever providing for an opportunity to litigate the question of whether the return of payments is supported by the applicable documents or not.

15.    In short, the plan as presently proposed is a mechanism to evade the determination that the Plaintiffs seek in the State Court Action. The Lender Defendants' effort to use voting power to compel the return of a payment that is not, at law, subject to such return, will be hotly litigated in the bankruptcy court, as will other provisions of the plan that the Plaintiffs believe are contrary to law. That litigation, when combined with all the time frames and procedural steps required to confirm a plan, make it not at all apparent that an effort to impose a coercive resolution of the State Court Action in the bankruptcy court would be any quicker than a resolution in State Court.

---

[3]    The entire plan is available on the Telogy docket which may be accessed via the PACER website under case number 05-49371 pending in the United States Bankruptcy Court for the Northern District of California, Oakland Division, Docket No. 154.

82976.4                                                      5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed this 3rd day of February, 2006, at Los Angeles, California.

_____
Thomas E. Patterson